881 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce B. WESSELMAN, Petitioner-Appellant,
v.
William SEABOLD, Warden, Kentucky State Penitentiary,
Respondent-Appellee.
 No. 88-6075.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 Bruce B. Wesselman, a pro se Kentucky prisoner, moves to obtain certification of questions of law from the Kentucky Supreme Court on appeal from the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wesselman claimed that his 1982 conviction for drug trafficking is unconstitutional because the trial court lacked jurisdiction to accept his Alford-plea. The district court dismissed the petition as successive concluding that Wesselman's claim was reviewed on the merits in his prior habeas corpus petition filed under Sec. 2254.
 
 
 4
 Upon consideration, we affirm the district court's judgment. To the extent that Wesselman is challenging the validity of his 1982 conviction, the district court lacked subject matter jurisdiction over the action because Wesselman had fully served his sentence for the conviction. He therefore has not fulfilled the custody requirement under Sec. 2254 to warrant habeas review. See Maleng v. Cook, 109 S.Ct. 1923 (1989). To the extent that Wesselman challenges the validity of his 1982 conviction on the same grounds as presented in his prior Sec. 2254 petition, the action is successive, as it does not present new or different grounds for relief. Consequently, the district court properly denied review of the matter because Wesselman failed to demonstrate a colorable showing of factual innocence to establish that a successive review of his claim would serve the ends of justice. See Kuhlmann v. Wilson, 477 U.S. 436, 454-55 (1986).
 
 
 5
 Accordingly, the motion to obtain certification of questions of law from the Kentucky Supreme Court is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation