883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester SLONE, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-5028.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1989.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and SAM H. BELL, District Judge.*
 
 ORDER
 
 2
 Chester Slone, a Kentucky state prisoner, moves for appointment of counsel on appeal of the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, petitioner was convicted in 1985 of third degree burglary and being a first degree persistent felony offender, and was sentenced to twenty years imprisonment. In this petition, he purported to challenge an earlier conviction from 1981, also for third degree burglary and being a second degree persistent felony offender. He alleged that he had been denied his right to appeal, as he had requested an appeal and had been informed that an appeal would be filed for him, which never occurred. The district court concluded that although this claim had not been exhausted in the state courts, the lack of exhaustion could be excused due to the meritless nature of the claim. The claim was found to be procedurally barred, and any error harmless.
 
 
 4
 Upon consideration, we conclude that this petition was properly dismissed. Jurisdiction was lacking over an attack on the 1981 conviction, as petitioner was not in custody pursuant to that conviction when the petition was filed, but the petition was properly liberally construed as an attack on the 1985 persistent felony offender conviction. See Maleng v. Cook, 109 S.Ct. 1923 (1989) (per curiam). However, any error regarding the 1981 conviction was correctly found to be harmless in relation to the enhancement of petitioner's most recent sentence, as he had other prior convictions sufficient to support his first degree persistent felony offender conviction. See Ky.Rev.Stat.Ann. Sec. 532.080(3).
 
 
 5
 Accordingly, petitioner's motion for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.