887 F.2d 1079
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George HARGROVE, Jr., Petitioner-Appellant,
v.
James JOHNSON, Warden; Attorney General of Virginia,
Respondents-Appellees.
 No. 88-6836.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1989.
Decided: Sept. 20, 1989.
Rehearing Denied Oct. 17, 1989.
 
 George Hargrove, Jr., appellant pro se.
 Michael A. Likavec (Office of the Attorney General of Virginia), for appellees.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Hargrove, Jr., seeks to appeal the district court's dismissal of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. Sec. 2254.[1] At the heart of Hargrove's claims is his allegation that the Virginia parole board is relying on Hargrove's two prior convictions under Virginia's recidivist statute, Va.Code Ann. Sec. 53-296 (1975),[2] to extend his parole eligibility date,[3] which he believes is impermissible because of his contention that these convictions were uncounseled.
 
 
 2
 Contrary to Hargrove's assertions, his recidivist convictions are not being relied on in this fashion. The undisputed record shows that Hargrove's present incarceration represents his fourth commitment to the Virginia Department of Corrections. The three prior commitments resulted from separate felony convictions in 1949, 1953, and 1968. Separate commitments did not result from Hargrove's recidivist convictions; these convictions served only to extend the second and third commitments. Since Virginia bases its calculation of the parole eligibility release date on the number of prior commitments, and not simply convictions, Va.Code Ann. Sec. 53.1-151 (1979), it is clear that his recidivist convictions are not being relied on to extend this date. Consequently, Hargrove's claim has no merit[4] and his petition was properly dismissed.[5]
 
 
 3
 Accordingly, we deny a certificate of probable cause and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 4
 DISMISSED.
 
 
 
 [1]
 Because Hargrove contends that reliance on his recidivist convictions has resulted in an extension of the time he must serve before becoming eligible for parole, the core of his complaint attacks the length of his confinement and the district court properly construed this as a habeas action. See Alexander v. Johnson, 742 F.2d 117, 126 (4th Cir.1984). Cf. Bloodgood v. Garraghty, 783 F.2d 470, 473 n. 2 (4th Cir.1986) (claim asserting only that uncounseled convictions should not be considered in making parole decision properly construed as Sec. 1983 action); Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir.1978) (same)
 
 
 [2]
 This statute was repealed in 1979. See 1979 Va.Acts c. 411
 
 
 [3]
 A person committed to the Virginia Department of Corrections for the fourth or subsequent time does not become eligible for parole until he has served three-fourths of his sentence. Va.Code Ann. Sec. 53.1-151(A)(4) (1979)
 
 
 [4]
 Although Hargrove satisfies the custody requirement of Sec. 2254 as far as his challenge to his present confinement is concerned, he is not in custody for the purpose of challenging his recidivist convictions or parole revocation. Maleng v. Cook, 57 U.S.L.W. 4537 (U.S. May 15, 1989) (No. 88-357). Consequently, these claims were properly dismissed because the district court lacked subject matter jurisdiction over them
 
 
 [5]
 For the same reasons, Hargrove fails to establish that any information concerning his recidivist convictions is being relied on to a constitutionally significant degree, and thus no basis for the expungement of this information