891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert P. WHIPPLE, Petitioner-Appellant,
v.
George ALEXANDER, Respondent-Appellee.
 No. 89-3603.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Robert P. Whipple, appeals a judgment of the district court which dismissed his petition for a writ of habeas corpus. He now moves for bail pending appeal. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1979, petitioner entered a plea of nolo contendere to a charge of trafficking in a controlled substance and was sentenced to a term of one to ten years imprisonment. After the completion of his direct appeal in state court, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Northern District of Ohio. In support of his request for that relief, he maintained that his plea was involuntary due to a number of defects in the plea-taking procedures utilized by the trial court. A magistrate, however, concluded that petitioner was no longer in custody pursuant to his 1979 conviction because the sentence imposed as punishment for that offense had fully expired. Accordingly, the magistrate recommended the dismissal of the petition for habeas relief for lack of subject matter jurisdiction. Despite petitioner's objections, the district court agreed and entered judgment in favor of respondent. Petitioner then filed this appeal.
 
 
 3
 After a careful review of the record, the court concludes that the district court did not err in dismissing the petition for habeas relief for lack of subject matter jurisdiction. As the sentence imposed as punishment for his 1979 conviction for drug trafficking has fully expired, he can no longer satisfy the "in custody" requirement for challenging that conviction by means of a petition for a writ of habeas corpus. Maleng v. Cook, 109 S.Ct. 1923, 1925-26 (1989) (per curiam). Instead, petitioner may rely on the alleged invalidity of that conviction only as a basis of a petition for habeas relief concerning his more recent conviction, the sentence for which was enhanced due to the earlier conviction. Maleng, 109 S.Ct. at 1926.
 
 
 4
 Accordingly, the motion for bail pending appeal is hereby denied and the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.