940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ademola Michael OGUNLEYE, Plaintiff-Appellant,
v.
INS, DD, NEW ORLEANS, Attorney General, State of Oklahoma,
Defendants-Appellees.
 No. 91-6081.
 United States Court of Appeals, Tenth Circuit.
 July 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGEMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R.34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Ademola Michael Ogunleye, who is being held by Immigration and Naturalization Service (INS) in Louisiana pending deportation, brought suit in Oklahoma to challenge his conviction in Oklahoma state court on a felony charge that apparently is being used as the basis for his deportation. The district court granted a motion for permission to proceed in forma pauperis on appeal, but denied a certificate of probable cause. The district court ruled that petitioner was not in custody within the meaning of the requirements for a writ of habeas corpus under 28 U.S.C. Sec. 2254 because his one year suspended sentence on the 1985 Oklahoma conviction had expired. It also held that being in the custody of the INS pending deportation was not "in custody" within the meaning of the habeas statute. Petitioner contends that the INS's use of his conviction is sufficient custody within the meaning of Maleng v. Cook, 490 U.S. 488 (1989).
 
 
 3
 We do not consider this issue because it appears that petitioner never perfected an appeal from his state court conviction in the courts of Oklahoma. The record shows that while he filed a notice of appeal, he never followed through, and the case was never docketed in the Oklahoma Supreme Court. The Oklahoma Court of Criminal Appeals denied a late appeal, as we construe its opinion, on the ground of procedural default. We note that the United States Supreme Court has recently overruled Fay v. Noia, 372 U.S. 391 (1963), and treats failure to perfect an appeal as a procedural default not challengeable under federal habeas except under a cause and prejudice standard. See Coleman v. Thompson, 59 U.S.L.W. 4789, 4796 (1991). Here petitioner has not shown sufficient cause to excuse the default. Therefore, petitioner can make no argument on the facts or the law sufficient to make a substantive showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. Sec. 2253. See Barefoot v. Estelle, 463 U.S. 880 (1983). We dismiss the appeal.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3