961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CLARK, Petitioner-Appellant,
v.
Carole J. SHIPLEVY, Supt.; Anthony J. Celebrezze, Jr.,
Attorney General; Charles W. Burson, Attorney General,
State of Tennessee; Fred Cowan, Attorney General, State of
Kentucky; American Telephone and Telegraph Company, et al.,
Respondents-Appellees.
 No. 91-4020.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1992.
 
 1
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 James Clark, a pro se Ohio prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 and dismissing his complaint for declaratory relief filed under 28 U.S.C. § 2201. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his petition and complaint, Clark named as respondents/defendants the Warden at Hocking Correctional Facility, the Attorney Generals of 33 states, the District of Columbia and the United States, and American Telephone and Telegraph Company. Over a six year period, Clark stole between one-half and one million dollars from pay telephone coin boxes throughout the United States. In 1988, he pleaded guilty to charges of tampering (in Ohio) and received three consecutive one year sentences. Shortly before Sharp finished serving those sentences and before he was due to be released, two other Ohio counties filed detainers on him. He pleaded guilty to three counts of grand theft in Franklin County, Ohio and received three new consecutive one year sentences.
 
 
 4
 In this action, he does not challenge his current convictions or sentences. Instead, he is challenging possible future convictions and sentences from other jurisdictions. He requested that the district court order any and all jurisdictions which might desire to prosecute him, to bring those charges against him immediately or forever refrain from doing so.
 
 
 5
 The district court dismissed his habeas petition and declaratory relief action, finding that Clark did not meet the "in custody" requirement for purposes of habeas corpus review. The court further concluded that no actual controversy existed for purposes of declaratory relief pursuant to 28 U.S.C. § 2201 and the Fed.R.Civ.P. 57, because no charges or detainers had been filed against Clark by any other jurisdiction and his action referred only to potential controversies.
 
 
 6
 On appeal, Clark continues to argue the merits of his case.
 
 
 7
 Upon review, we conclude that the district court properly dismissed Clark's action because he did not meet the "in custody" requirement for purposes of habeas corpus relief under § 2254. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Clark improperly sought declaratory relief under § 2201, because he is merely attacking possible future convictions and sentences, and the facts of this case do not show that an actual controversy exists. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937).
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief District Judge for the Eastern District of Kentucky, sitting by designation