16 F.3d 401
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Emanuel R. GRANGE, A/K/A Teddy Murphy, Petitioner,
v.
Norman J. BUTLER, Respondent.
 Nos. 93-1709, 93-1868.
 United States Court of Appeals,
First Circuit.
 January 26, 1994
 
 Appeals from the United States District Court for the District of Massachusetts
 Emanuel R. Grange, a/k/a Teddy Murphy on brief pro se.
 Scott Harshbarger, Attorney General, and LaDonna J. Hatton, Assistant Attorney General, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Emanuel R. Grange appeals from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. After carefully reviewing the parties' briefs and the record, we affirm the judgment of the district court for essentially the reasons stated in the Report and Recommendation of the magistrate-judge dated April 13, 1992.
 
 
 2
 Appellant's claim that his sentence was 'enhanced' upon his return to Massachusetts in violation of the prohibition against ex post facto laws is meritless. First, it is not cognizable under Sec. 2254. That is, petitioner is not 'in custody' pursuant to a sentence concerning the charge of escape, having never been convicted of this crime. See 28 U.S.C. Sec. 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). Second, petitioner's sentence was not 'enhanced' based on a violation of M.G.L. c.268, Sec. 16. Instead, upon petitioner's return in 1985 to Massachusetts, the time he had been absent from the Commonwealth was simply added to the time he already had served.
 
 
 3
 As a result, petitioner's other claims on appeal -- that the district court abused its discretion in denying petitioner's request for reconsideration of the ex post facto claim and that petitioner never consented or authorized his attorney to waive this claim - also are meritless.
 
 
 4
 Affirmed.