USCA1 Opinion

 

 January 26, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1709 No. 93-1868 EMANUEL R. GRANGE, A/K/A TEDDY MURPHY, Petitioner, v. NORMAN J. BUTLER, Respondent. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ____________________ Emanuel R. Grange, a/k/a Teddy Murphy on brief pro se. _____________________________________ Scott Harshbarger, Attorney General, and LaDonna J. Hatton, __________________ ___________________ Assistant Attorney General, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant Emanuel R. Grange appeals __________ from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. 2254. After carefully reviewing the parties' briefs and the record, we affirm the judgment of the district court for essentially the reasons stated in the Report and Recommendation of the magistrate- judge dated April 13, 1992. Appellant's claim that his sentence was "enhanced" upon his return to Massachusetts in violation of the prohibition against ex post facto laws is meritless. First, __ ____ _____ it is not cognizable under 2254. That is, petitioner is not "in custody" pursuant to a sentence concerning the charge of escape, having never been convicted of this crime. See 28 ___ U.S.C. 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) ______ ____ (per curiam). Second, petitioner's sentence was not "enhanced" based on a violation of M.G.L. c.268, 16. Instead, upon petitioner's return in 1985 to Massachusetts, the time he had been absent from the Commonwealth was simply added to the time he already had served. As a result, petitioner's other claims on appeal -- that the district court abused its discretion in denying petitioner's request for reconsideration of the ex post facto __ ____ _____ claim and that petitioner never consented or authorized his attorney to waive this claim -- also are meritless. Affirmed. ________ -2-