UNITED STATES COURT OF APPEALS

**Filed 3/1/96**

TENTH CIRCUIT

---

JOHN WESLEY WRIGHT,

    Petitioner - Appellant,

    v.

STEVEN J. DAVIES, Kansas Secretary
of Corrections,

    Respondent - Appellee.

No. 95-3287

(D.C. No. 95-CV-3351)

(D. Kansas)

---

ORDER AND JUDGMENT[*]

---

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

---

After examining the Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This matter is before the court on Appellant's motion for leave to proceed on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal without prepayment of costs or fees. The district court denied Appellant in forma pauperis status after finding this appeal legally frivolous. We conclude that Appellant can make a rational argument on the law in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is granted. We also grant Appellant's motion for issuance of certificate of probable cause and proceed to the merits of this case.

In 1982, Appellant John Wesley Wright was convicted of theft in Kansas and sentenced to serve a six- to twenty-year sentence. He was paroled by Kansas in 1988. In 1991, he was convicted of theft in Texas, and he was sentenced to prison for sixty years. He is currently in the custody of corrections officials in Texas. On January 11, 1991, Kansas filed a warrant with Texas officials as a detainer against Mr. Wright alleging that he had violated the conditions of his Kansas release.

In 1993, the Kansas legislature retroactively reduced the sentences of certain inmates, including those for the offense of theft. The retroactive language provides, "Except as provided in subsection (f), the department of corrections shall conduct a review of all persons who committed crimes and were sentenced prior to July 1, 1993, and are imprisoned in the custody of the secretary of corrections as of that date." Kan. Stat. Ann. § 21-4724(c)(1) (Supp. 1994).

2

Mr. Wright appealed to Kansas officials that the detainer warrant filed by Kansas with Texas officials placed him under the custody of the Kansas Secretary of Corrections. Therefore, he argued that Kansas corrections officials should immediately apply § 21-4724(c)(1) to his sentence. Kansas corrections officials refused to apply § 21-4724(c)(1) to his sentence because he was not imprisoned in their custody and his parole had not been revoked. Petitioner's Application for Writ of Habeas Corpus, App. (Letter from Kansas Department of Corrections, 8/27/93). A Kansas Court of Appeals decision on this issue states:

> Wright was convicted in Riley County in 1982. In 1988 he was paroled to Texas, where he was convicted of theft in 1991 and sentenced to 60 years' imprisonment. Kansas filed a parole violation warrant as a detainer in Texas. Wright remains in prison in Texas and has not yet had a parole revocation hearing in Kansas.
>
> In 1993 the Kansas Department of Corrections notified Wright he was not eligible for retroactive conversion under the Kansas Sentencing Guidelines Act because he was not an inmate and his parole had not yet been revoked. Wright then filed his 60-1507 motion with the sentencing court seeking conversion, which was denied.
>
> K.S.A. 1994 Supp. 21-4724(b)(2) provides that offenders on parole for specified crimes committed prior to July 1, 1993, and who have parole revoked, shall have their sentences modified in accordance with the guidelines.
>
> Simply stated, since Wright remains incarcerated in Texas and his Kansas parole has yet to be revoked, he is not eligible for conversion.

Petitioner's Application for Writ of Habeas Corpus, App. (Wright v. Davis, No. 72,318, at 1-2 (Kan. Ct. App. filed Mar. 17, 1995)).

3

Mr. Wright then sought relief in federal court by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Wright asserts that his Fourteenth Amendment due process rights have been violated by Kansas' refusal to review his Kansas sentence under § 21-4724. Based on the Kansas Court of Appeals decision, the district court dismissed his petition as premature because no revocation of parole has been effected.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a) (emphasis added)). Appellant claims that as a parolee he is in Kansas custody pursuant to the statutory language of Kansas' parole release program. Mr. Wright was paroled in 1988. The statute in effect at the time of his parole states: "Every inmate while on parole shall remain in the legal custody of the secretary of corrections and is subject to the orders of the secretary." Kan. Stat. Ann. § 22-3717(h) (1988) (emphasis added).[1] The plain language of the statute under which Mr. Wright was paroled specifies that he remains in the "legal custody" of Kansas officials. Additionally, in Jones v. Cunningham, 371 U.S.

_____

[1] Petitioner mistakenly identifies this provision in his petition as K.S.A. § 21-4603d(k) (1995).

236, 243 (1963), the Supreme Court held that for purposes of habeas corpus a parolee is still "in custody" under his unexpired sentence. Therefore, Mr. Wright is in the custody of Kansas officials for purposes of habeas corpus jurisdiction.

Mr. Wright claims that the refusal by Kansas officials to review his Kansas sentence under Kan. Stat. Ann. § 21-4724(c)(1) (Supp. 1994), violates his due process rights under the Fourteenth Amendment. By its express terms, however, the amended Kansas sentencing law applies retroactively only to those persons "imprisoned in the custody of the secretary of corrections." Kan. Stat. Ann. § 21-4724(c)(1). Mr. Wright currently is being imprisoned by Texas officials, not Kansas officials. As simply stated by the Kansas Court of Appeals, "since Wright remains incarcerated in Texas and his Kansas parole has yet to be revoked, he is not eligible for conversion." Petitioner's Application for Writ of Habeas Corpus, App. (Wright v. Davis, No. 72,318, at 1-2 (Kan. Ct. App. filed Mar. 17, 1995)). Consequently, Mr. Wright is not entitled to a review of his sentence--in light of the amended sentencing statute--until after he is imprisoned in the custody of Kansas corrections officials. Once Mr. Wright is detained by Kansas officials, he will be entitled to a parole revocation hearing. If his parole is revoked and he is imprisoned in the custody of Kansas corrections officials, he may have Kan. Stat. Ann. § 21-4724(c)(1) applied.

5

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge