83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert L. THOMPSON, Petitioner-Appellant,
v.
Stan WANZIS, Respondent-Appellee.
 No. 94-2174.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.*
Decided April 26, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1989, Robert Thompson pleaded guilty in federal district court to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to four months' imprisonment to be followed by two years of supervised release. Thompson finished his period of incarceration and began his supervised release on March 18, 1990. On January 3, 1992--while still on supervised release--Robbins, Illinois police officers arrested Thompson and charged him with the murder of his wife. A Cook County, Illinois grand jury indicted Thompson for the murder, and he was held in Cook County Jail. So far as the record reveals, those charges are still pending.
 
 
 2
 Dave Harper, Thompson's federal probation officer, filed a Special Report in the federal district court that originally had sentenced Thompson, alerting the court to Thompson's indictment as well as urine tests which indicated that Thompson had used cocaine in violation of the terms of his supervised release. The Special Report requested that the court issue a bench warrant to be lodged as a detainer against Thompson. On February 27, 1992, the court issued a bench warrant for Thompson for "fail[ing] to comply with the terms and conditions of [his] supervised release."
 
 
 3
 On November 3, 1993, Thompson filed the present petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging the detainer lodged against him. According to Thompson's petition, Harper assisted the Robbins police in unlawfully arresting him (Thompson) in his home without a warrant. Thompson's petition alleged that Harper also committed a variety of other constitutional violations in the course of the arrest. These constitutional violations, Thompson argued, rendered his detention pursuant to the detainer unlawful, and hence warranted habeas corpus relief. The district court denied the petition, and this appeal followed.
 
 
 4
 Even though Thompson is physically in the custody of the State of Illinois, his "detention" pursuant to the federal detainer satisfies the custody requirement for federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488-89 & n. 4 (1973); see also Maleng v. Cook, 490 U.S. 488, 493 (1989). But to warrant habeas corpus relief, Thompson must also show that he is being held in violation of the Constitution--and this he has not done. An illegal arrest does not preclude the state from prosecuting a defendant, nor is it a defense to a valid conviction. United States v. Crews, 445 U.S. 463, 474 (1980); Gerstein v. Pugh, 420 U.S. 103, 119 (1975); Matta-Ballesteros v. Henman, 896 F.2d 255, 260 (7th Cir.1990), cert. denied, 498 U.S. 878 (1990). Similarly, Thompson's claims that Harper violated his constitutional rights--even if true--would not preclude the district court from revoking Thompson's supervised release. So long as the district court may conduct a supervised release revocation hearing, it may lodge a detainer with the State of Illinois to ensure that Thompson shows up for his revocation hearing. The detainer is merely a request that the State turn Thompson over to federal authorities once the murder charges against him are resolved. Whether Thompson was arrested legally or illegally is irrelevant to the propriety of the hearing, and hence, to the propriety of the detainer.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)