**Allen A.L. TERRY, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

Civ. A. No. 90–1055–LFO.

United States District Court,
District of Columbia.

July 25, 1990.

Allen Anthony Lee Terry, La Grange, Ky., pro se.

John M. Facciola, Asst. U.S. Atty., Washington, D.C., for respondent.

## MEMORANDUM

OBERDORFER, District Judge.

In 1974, a jury in the United States District Court for the Western District of Kentucky convicted petitioner Terry of armed robbery, a federal crime under 18 U.S.C. § 2113 (1988). After several years he was paroled. During his parole, Terry was arrested, again in Kentucky, and convicted of state criminal offenses. Respondent United States Parole Commission revoked his parole. Currently, Terry is incarcerated in the Kentucky State Reformatory, serving both his state and federal sentences in this state facility. In a well-drafted *pro se* petition, Terry seeks to be discharged from his federal detainer on the ground that respondents failed to provide him with a proper parole revocation hearing under 28 C.F.R. § 2.47 (1989).

Before reaching the merits, it is necessary to first consider whether this Court has the power to consider this petition. The Parole Commission argues that Terry's custodian is the warden of the Kentucky State Reformatory, and this Court does not have personal jurisdiction over him. As a consequence, the Commission concludes, this Court does not have subject matter jurisdiction over this petition.

In assessing this argument, one must begin with the statutes authorizing courts to hear habeas corpus petitions. According to 28 U.S.C. § 2243 (1988), courts may only grant a writ of habeas corpus when they have jurisdiction over "the person having custody of the person detained." *See also Strait v. Laird,* 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972); *Schlanger v. Seamans,* 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1972). Normally, the custodian is the person "having a day-to-day control over the prisoner." *Guerra v. Meese,* 786 F.2d 414, 416 (D.C.Cir.1986). Because writs may only be granted "within their respective jurisdictions," 28 U.S.C. § 2241(a) (1988), a "court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner." *Guerra,* 786 F.2d at 415 (citations omitted). Thus, under normal circumstances, since this Court does not have personal jurisdiction over the warden of the Kentucky State Reformatory, it would not have subject matter jurisdiction over this petition.

This case is not, however, a typical case, and it cannot be disposed of so simply. This case involves a prisoner "in custody of two separate authorities simultaneously." *Id.* at 417. If only the person having day-to-day control over the prisoner could be the custodian, only one of the authorities could be deemed the custodian and the petitioner would effectively be precluded from challenging that authority's detainer. Our Court of Appeals has, however, recognized that modern habeas corpus doctrine is antiformalistic. *See Chatman–Bey v. Thornburgh,* 864 F.2d 804, 806–07 (D.C. 1988) (en banc) (Starr, J.). In one of his great epigrams, Justice Holmes summarized this position: *"habeas corpus cuts through all forms and goes to the very tissue of the structure." Frank v. Magnum,* 237 U.S. 309, 346, 35 S.Ct. 582, 594–95, 59 L.Ed. 969 (1915). As a consequence, the Supreme Court has not required that a sovereign authority lodging a detainer against a petitioner incarcerated in another jurisdiction have day-to-day control in order to meet the custody requirement of 28 U.S.C. § 2243. *See Maleng v. Cook,* —— U.S. ——, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

In *Braden,* the petitioner was incarcerated in an Alabama jail, but the Commonwealth of Kentucky lodged a detainer against him. Petitioner filed a writ of habeas corpus in a Kentucky federal court. The Supreme Court found that due to the detainer Kentucky retained custody of him for purposes of the habeas corpus statutes. It rejected the notion that "the prisoner's presence within the territorial confines of the district is an *invariable* prerequisite to the exercise of the District Court's habeas corpus jurisdiction." *Id.* at 495, 93 S.Ct. at 1130 (emphasis added). Instead, observing that "it would serve no purpose to apply the [physical presence] rule" in this case, it concluded that because the state of Kentucky retained custody over petitioner Braden, the United States District Court for the Western District of Kentucky had jurisdiction over the petition. *See id.* at 499, 93 S.Ct. at 1131–32.

According to these principles, the Parole Commission has custody of Terry. Ordinarily, the power to control an individual's liberty, as the Parole Commission has through its ability to grant or revoke parole, does not imply custody. The custodian is instead the person with immediate authority over the body of the petitioner, normally the warden of the prison in which he resides. *See Guerra v. Meese,* 786 F.2d at 417. In the case of a dual detainer, however, one of the custodians will not have physical control. The most logical "constructive custodian" in such circumstances is the detainer-lodging entity with the ability to shorten or lengthen the term of incarceration. In *Braden,* that entity was the state of Kentucky. In this case, that entity is the United States Parole Commission. To recapitulate, Terry is now incarcerated in a Kentucky state prison. He seeks a writ of habeas corpus to resolve issues surrounding his federal detainer. Since the state of Kentucky is in physical control of him, his federal custodian is the detainer-lodging entity with the most im-

mediate control over the length of his federal detainer: the Parole Commission. This action therefore lies against the Parole Commission.

This Court nonetheless lacks subject matter jurisdiction over this petition. Although it is not clear whether the constructive custodian should be the Parole Commission itself or the Southeast Regional Parole Board which has been delegated authority to grant or revoke Terry's parole,[1] in either case this Court would not have personal jurisdiction over Terry's custodian. Jurisdiction in habeas corpus cases is territorial. *See Schlanger v. Seamans,* 401 U.S. at 489–90 & n. 4, 91 S.Ct. at 997–98 & n. 4 (observing that 28 U.S.C. § 1391(e) (1988) was not meant to expand habeas corpus jurisdiction). Because both the Parole Commission, whose principal offices are located in Chevy Chase, Maryland, and the Southeast Regional Parole Board, located in Atlanta, Georgia, are outside the territorial confines of the District of Columbia, this Court does not have personal jurisdiction over the petitioner's custodian. According to well-settled principles of habeas corpus jurisdiction, *see supra* at 283, this Court therefore does not have subject matter jurisdiction over this petition.

### ORDER

For the reasons given in the accompanying memorandum, it is this 25th day of July, 1990, hereby

ORDERED: that respondent's motion to dismiss should be, and is hereby, granted; and it is further

ORDERED: that petitioner's petition for a writ of habeas corpus should be, and is hereby, dismissed without prejudice to filing a petition in the Northern District of Georgia, the District Court of Maryland, or any other district in which the courts may

1. Normally, the custodian is the person or entity with the most immediate, day-to-day control over the petitioner. In the case of a state prisoner, it is the warden of the penitentiary and not the governor with the authority to pardon

have jurisdiction over petitioner's custodian.

who is the custodian. By analogy, the most likely constructive custodian would be the regional parole board with the initial responsibility for deciding Terry's case.