937 F.2d 617
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Dennis Stephen WALDON, Petitioner-Appellant,
v.
Mike PARSONS, Warden, and Robert H. Henry, Attorney General,
Respondents-Appellees.
 No. 90-5210.
 United States Court of Appeals, Tenth Circuit.
 July 3, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Waldon is a state prisoner. He was convicted upon entry of guilty pleas of two separate felonies in two separate criminal cases in state court. Under the first conviction, knowingly concealing stolen property, Mr. Waldon was sentenced to five years. Under the second conviction, armed robbery after former conviction of a felony, Mr. Waldon was sentenced to twelve years, to follow the first sentence consecutively.
 
 
 3
 Mr. Waldon previously filed a federal habeas corpus action challenging his conviction for knowingly concealing stolen property alleging his guilty plea was not entered with full knowledge. The district court found on the merits that Mr. Waldon's guilty plea was constitutionally sound.
 
 
 4
 In this second habeas corpus petition, Mr. Waldon contends his first conviction was invalid as his guilty plea was entered without being fully informed or advised of all his rights. This petition for habeas relief was referred to the magistrate who recommended it be dismissed under Rule 9 of the Rules Governing Section 2254 [habeas corpus] Cases in the United States District Courts, and that the ends of justice would not be served by again reaching the merits of a second habeas corpus petition asserting grounds already asserted in the first petition. The magistrate also concluded Mr. Waldon was not "in custody" as he had completed serving his five year sentence on the first conviction. The district court adopted the magistrate's Report and Recommendation.
 
 
 5
 Mr. Waldon appeals pro se asserting: (1) he is "in custody" as the service of his second sentence was delayed; and (2) the district court failed to give him: specific notice that it was considering dismissal of his successive petition; ten days to explain why a repetitive petition deserves reconsideration; and a model form for use in 28 U.S.C. Sec. 2254 cases involving a Rule 9 issue to explain the successive habeas petition.
 
 
 6
 We consider Mr. Waldon's second claim first. Mr. Waldon was given the magistrate's Report and Recommendation and filed objections thereto. The district court considered and rejected Mr. Waldon's objections. Thus, sufficient notice and opportunity to explain why a repetitive petition deserved reconsideration was given to Mr. Waldon. In addition, Mr. Waldon's second habeas corpus petition fails to allege cause for his failure to raise these ground in his first habeas corpus petition. Finally, we are unable to find an affirmative requirement imposed on the district court to provide petitioner a model response form involving a Rule 9 issue. Having found Mr. Waldon had sufficient opportunity to present his arguments, both in his Traverse to Motion to Dismiss and in his objections to the "Magistrates R & R", we do not find any prejudice resulted from the court's failure to provide Mr. Waldon with a model form. We therefore hold the district court properly denied Mr. Waldon habeas relief.
 
 
 7
 Having so decided, we need not determine whether Mr. Waldon satisfied the "in custody" requirement. See Maleng v. Cook, 490 U.S. 488 (1989).
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3