959 F.2d 231
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Joseph OWENS, Petitioner-Appellant,
v.
STATE OF MARYLAND, Respondent-Appellee.
James Joseph OWENS, Plaintiff-Appellant,
v.
STATE OF MARYLAND, Defendant-Appellee.
 Nos. 91-7076, 91-7548.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1991.
Decided April 7, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-91-668-JFM; 91-387-JFM)
 James Joseph Owens, appellant pro se.
 D.Md.
 NO. 91-7076 DISMISSED AND NO. 91-7548 AFFIRMED.
 Before WIDENER, WILKINSON and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Joseph Owens, currently a federal prisoner, appeals from an order of the district court denying relief on his complaint under 42 U.S.C. § 1983 (1988)* in No. 91-7548, and dismissing his petition under 28 U.S.C. § 2254 (1988) in No. 91-7076. We dismiss the appeal in No. 91-7076. We affirm the denial of relief in No. 91-7548.
 
 
 2
 If a prisoner is challenging the validity of his incarceration by a state, habeas corpus is his exclusive remedy. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir.1986). However, in Maleng v. Cook, 490 U.S. 488 (1989) (per curiam ), the Court ruled that federal courts do not have jurisdiction over a habeas petition challenging a sentence which has fully expired, even though that sentence may have been used to enhance a sentence which has not expired. Id. at 492.
 
 
 3
 It is clear from Owens's pleadings that he fully served his Maryland sentences and was released from state custody. Accordingly, the district court was without jurisdiction to consider Owens's claims under § 2254. We therefore deny a certificate of probable cause to appeal and dismiss the appeal in No. 91-7076.
 
 
 4
 Maleng makes clear that Owens is not entitled to relief on his claims in No. 91-7548. The district court should therefore have denied relief on the basis of Maleng, rather than on the procedural ground that the claims should have been brought under § 2254. We affirm the denial of relief in No. 91-7548 on the alternate ground that the claims fail under Maleng.
 
 
 5
 In conclusion, we deny a certificate of probable cause to appeal and dismiss the appeal in No. 91-7076. We affirm the denial of relief in No. 91-7548. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 No. 91-7076--DISMISSED No. 91-7548--AFFIRMED.
 
 
 
 *
 Though Owens stated that the complaint was brought under 28 U.S.C. § 1331, the district court properly treated it as one under § 1983