USCA1 Opinion

 

 June 23, 1992 [NOT FOR PUBLICATION] ___________________ No. 92-1479 KARL J. WHORF, Plaintiff, Appellant, v. COMMISSIONER, DEPARTMENT OF CORRECTIONS, MASSACHUSETTS, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ___________________ Karl J. Whorf pro se on Application for Certificate of _______________ Probable Cause. __________________ __________________ Per Curiam. The district court dismissed petitioner's __________ habeas corpus petition on the ground that petitioner was not "in custody" and denied a certificate of probable cause. Petitioner now seeks a certificate of probable cause to appeal the dismissal. Since petitioner's application challenged a fully discharged sentence, we agree with the district court and deny the certificate. The relevant facts are as follows: In November, 1978, petitioner received a twenty year sentence to M.C.I., Concord, for armed robbery while masked (the "Concord sentence"). He was granted parole from this Concord sentence in January, 1980. In December, 1980, a parole violation warrant issued. In February, 1981, petitioner was indicted for three armed robberies and assault with a dangerous weapon. He pleaded guilty and, as entered in the mittimus on April 2, 1981, was sentenced to serve three concurrent five to ten year terms at M.C.I., Walpole (now Cedar Junction) "from and after sentences now serving," (the "Walpole sentences"). A fourth sentence was suspended. At the time of petitioner's commitment to M.C.I., Walpole, the parole violation warrant from the Concord sentence was lodged against him as a detainer. -2- On December 15, 1988, petitioner moved to "correct" his Walpole sentences with the objective of eliminating the continuing vitality of the Concord sentence. Judge Abrams (who had originally imposed the Walpole sentences) ordered the mittimus "corrected" to read, "five to ten years...forthwith from the sentence imposed on November 30, 1978 to M.C.I., Concord, nunc pro tunc as of April 2, 1981.". The judge's "corrected sentences" were intended to have the effect of extinguishing the time remaining to be served on the petitioner's previous Concord conviction. The state appealed. The Massachusetts Appeals Court reversed and ordered the original mittimus reinstated, on the grounds that Mass. R. Crim. P. 30(a) could not be used to correct a misunderstanding by the judge of the consequences of his action. Judge Abrams once again ordered the record corrected, now under Mass. R. Crim. P. 42. The state again sought review, now by writ of certiorari to the Supreme Judicial Court. That court vacated the second "corrected" sentence, again reinstating the original mittimus, on the grounds that under Massachusetts law the judge's nunc pro tunc correction was unlawful in that "a forthwith sentence to state prison could not terminate or extinguish the defendant's previously imposed sentence...". In the meantime, the Walpole sentences were fully discharged on March 2, 1989. The instant application for -3- habeas corpus is directed at these Walpole sentences, raising a variety of challenges to the underlying conviction and the validity of petitioner's plea to the original indictments. Under Maleng v. Cook, 490 U.S. 488 (1989), "once the ______ ____ sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it". Id. at 492. __ Accordingly, petitioner's application for a certificate of probable cause to appeal is denied. Nothing herein prevents petitioner from filing a new petition directed at the Concord sentence, or any other sentence, provided he is still "in custody" under it. So ordered. ___________ -4-