[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO QUASH
The petitioner John Castle has applied for a writ of habeas corpus. On January 19, 1989, he was found guilty of (1) forgery in violation of General Statutes 53a-139(a), (2) conspiracy to commit forgery in the second degree in violation of 53a-49-139, and (3) accessory to forgery in the second degree in violation of 53a-8-139. On March 2, 1989, he was sentenced to a period of incarceration of sixty days — execution suspended with a conditional discharge, a fine, and 40 hours of community service. His sentence has been completed, his fine paid, and his 400 hours of community service completed.
He avers as follows: one, that he suffers collateral consequences of these convictions and that he was illegally convicted in violation of his double jeopardy rights applicable through the Fourteenth Amendment to the U.S. Constitution; two, that the prosecutor's conduct was improper and the court failed take judicial notice of the applicable statutes, rules and regulations; three, that he was denied effective assistance of counsel.
The Respondent, Commissioner of Corrections, moves to quash the application for two reasons:
First, the petitioner was not in custody at the time the Writ of Habeas Corpus was applied for, nor was he on parole or under any probationary supervision which had expired. Second, that he has deliberately bypassed appellate review.
The court agrees that the Motion to Quash should be granted because the Petitioner was not in custody at the time he filed his petition, nor was he on probation or parole. CT Page 3407 Therefore, the matter is moot. At issue is whether the petitioner has satisfied the jurisdictional requirement of52-466(a) of the Connecticut General Statutes. That section provides in pertinent part as follows: "An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty . . ." Federal case law has construed the "custody" requirement necessary for proper jurisdiction. Parker v. Ellis, 362 U.S. 574, 577 (1960) (dissenting opinion) (overruled) Sibron v. New York, 392 U.S. 40, 51, 88 S.Ct. 1889,20 L.Ed.2d 917 (1968). Sibron has been cited with approval in Connecticut cases. Barlow v. Lopes, 201 Conn. 103. Sibron holds that the jurisdictional requirement has been met if the petitioner was "in custody" at the time he filed his petition even though he was unconstitutionally released from custody before his case could be heard by the court. Also see Carafas v. LaVallee, 391 U.S. 1967. However, the statutory language requires the habeas petitioner to be "in custody" under the conviction or sentence under attack at the time his petition is filed. (emphasis added). "We have never held . . . that a habeas petitioner may be `in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. Indeed, our decision in Carafas v. LaValle, supra, strongly implies the contrary." Maleng v. Cook,490 U.S. 488, 104 L.Ed.2d 540, 109 S.Ct. 1923.
The Court holds that the petitioner has failed to satisfy the jurisdictional requirement of 52-466(a) inasmuch as he was unconditionally released from custody before he filed his petition. In light of this, it is not necessary to discuss the issue of whether he has deliberately bypassed appellate review.
The Motion To Quash is granted.
Allen, J. CT Page 3408