993 F.2d 1538
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Harrison O'NEAL, Petitioner-Appellant,
v.
Jerry P. BROADWATER, Respondents-Appellees.
 No. 92-6773.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 19, 1993
Decided: June 3, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CA-92-351-R)
 Michael Harrison O'Neal, Appellant Pro Se.
 John H. McLees, Jr., Office of the Attorney General of Virginia, Richmond, Virginia, for Appellees.
 W.D.Va.
 DISMISSED.
 Before HALL and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Harrison O'Neal seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C.s 2254 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal.* O'Neal v. Scott County, No. CA-92-351-R (W.D. Va. July 9, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 O'Neal was not "in custody" under 28 U.S.C.s 2241(c)(3) (1988) for his habeas attacks on a state charge of being a felon in possession of a firearm, because he was never prosecuted for that offense and the detainer lodged against him was for another charge. See Maleng v. Cook, 490 U.S. 488 (1989). While certain claims could have been construed under 42 U.S.C. § 1983 (1988), Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978), dismissal without prejudice was not error because remedies on these claims must be exhausted because they call into question the validity or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973). While O'Neal attempted to amend his petition with claims the district court would have jurisdiction over, dismissal again was proper because O'Neal failed to exhaust his state remedies on those claims. 28 U.S.C. § 2254(b)