107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Porfirio LOMELI-GOMEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario RIVERA-ROBLES, Defendant-Appellant.
 No. 96-50093, 96-50194.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1997.*
Submitted Feb. 5, 1997.**
Decided March 4, 1997.
 
 Before: PREGERSON, REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellants appeal the district court's denial of their motions for nationwide discovery on their selective prosecution claims. Lomeli-Gomez also appeals the district court's denial of his request for a downward departure from his sentence for illegal reentry in accord with the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291, and affirm as to the denial of nationwide discovery. As to the district court's refusal to grant Lomeli-Gomez the requested downward departure, however, we reverse and remand for resentencing.
 
 I. Motion for Nationwide Discovery
 
 3
 Appellants make precisely the same argument and offer precisely the same evidence in support of their motions as we rejected in United States v. Candia-Veleta, 1996 WL 737418 (9th Cir. Dec. 27, 1996). Candia-Veleta is controlling. Accordingly, the district court's denials of the appellants' motions are affirmed.
 
 II. Request for Downward Departure
 
 4
 Lomeli-Gomez was charged with, and ultimately convicted of, being in the United States illegally on April 25, 1995, after having been officially deported some three years earlier. On the charged date, he was on parole, serving the balance of his sentence for a state violation. He was neither charged with nor convicted of illegal reentry, or being in the country illegally, on any date or during period prior to his arrest and incarceration for the state parole violation.
 
 
 5
 While on parole, Lomeli-Gomez was not free to leave the country. As the district court repeatedly noted,
 
 
 6
 He doesn't have a right to flee the jurisdiction, and he doesn't have a right to avoid his parole obligations.
 
 
 7
 The Supreme Court has repeatedly held that "a prisoner who ha[s] been placed on parole [is] still 'in custody' under his unexpired sentence." Maleng v. Cook, 490 U.S. 488, 491 (1989); see, e.g., Jones v. Cunningham, 371 U.S. 373, 376-77 (1963). Punishing Lomeli-Gomez for being in the country while on parole was tantamount to punishing him for not fleeing the country in direct violation of his parole. We conclude that this unusual circumstance serves to place Lomeli-Gomez's case outside the heartland of cases covered by the Guidelines.
 
 
 8
 The district court sentenced Lomeli-Gomez prior to the Supreme Court's decision in Koon v. United States, 116 S.Ct. 2035 (1996), and unsurprisingly took a narrower view of its discretion to depart than it might take today. Rejecting Lomeli-Gomez's proffered analogies to voluntary disclosure and to coercion, the court refused the requested downward departure. Following Koon, however, it is clear that the sentencer's discretion under the Guidelines is broader than many courts previously thought. For example, the district court's rejection of Lomeli-Gomez's analogies to encouraged grounds for departure is no longer dispositive. Accordingly, in light of Koon, we remand to the district court for reconsideration of the unusual circumstances applicable in Lomeli-Gomez's case, and of his request for a downward departure.
 
 
 9
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 As to No. 96-50093
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4. As to No. 96-50194
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3