114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John B. FELDER, Petitioner-Appellant,
v.
Robert A. FARLEY, Respondent-Appellee.
 No. 95-1943.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.*
Decided May 2, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 John Felder, serving a term of 50 years' imprisonment for murder, apparently contends that this sentence was enhanced because of proceedings during the mid-1980s in the Gary City Court. We say "apparently" because the documents Felder has filed are not precise about the nature of the challenge. But his only custody arises under the 50-year sentence; he does not contend that the proceedings in Gary ended in a sentence that he is serving (or will in the future serve). Thus the only custody he could be challenging is the 50-year sentence for murder. See Maleng v. Cook, 490 U.S. 488 (1989); Higgason v. Clark, 984 F.2d 203 (7th Cir.1993).
 
 
 2
 A sentence enhanced because of a prior uncounseled conviction is open to challenge. See Custis v. United States, 511 U.S. 485 (1994). Respondent contends that no such challenge has been mounted in state court, and that Felder therefore has not exhausted his state remedies. This is an appropriate occasion to use the power conferred by the 1996 amendment to 28 U.S.C. § 2254(b)(2) to reach the merits even though state courts might still be open to a given claim. Felder does not contend that the proceedings in Gary ended in a sentence, let alone that he was denied the right to counsel in those proceedings. The district court observed that the proceedings in Gary appear to have had no effect on the sentence for murder, which was influenced by three prior convictions that Felder does not contest. Whatever happened in Gary therefore is not a ground on which to upset the only custody in which Felder is held.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)