**Youssef E. CHAWI, Petitioner,**

v.

**SACRAMENTO COUNTY, PROBATION OFFICE; Attorney General of the State of California, Respondents.**

No. 04–17544.

United States Court of Appeals, Ninth Circuit.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted June 14, 2005.*

Decided June 29, 2005.

John R. Duree, Jr., Esq., Sacramento, CA, for Petitioner.

Charles Austin French, AGCA—Office of the California Attorney General (SAC), Department of Justice, Sacramento, CA, for Respondents.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM **

Youssef E. Chawi appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his misdemeanor convictions for sale of drug paraphernalia. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The district court has authority to entertain a writ of habeas corpus only when a habeas petitioner is "in custody" under the conviction or sentence being challenged at the time the habeas petition is filed. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). This case turns on whether Chawi was "in custody" as to the challenged convictions—the two misdemeanor convictions of furnishing, delivering, or transferring drug paraphernalia—at the time this habeas petition was filed. Chawi argues that at the time his petition was filed, he was "in custody" pursuant to a condition of his probation, based on his misdemeanor convictions, which prohibited him from possessing drugs or associating with those who used or sold drugs. We disagree.

A careful review of the court transcripts at sentencing reveals that the sentence of probation, which included the drug-related conditions, attached only with respect to the felony convictions of unlawful purchase of food stamps.[1] By contrast, with regard to the misdemeanor convictions at issue, the Court's only punishment was 60 days imprisonment. Chawi was no longer in prison at the time the habeas petition was filed, nor were the probationary restrictions based on his misdemeanor conviction.

Chawi was no longer "in custody" with the respect to the misdemeanor convictions at the time this habeas petition was filed.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The California Court's "Minute Order and Order of Probation" further shows that the probation was implemented with respect to only the felony food stamp convictions: "Execution of said sentence is suspended for a period of 4 years during which time the defendant is placed on formal probation on the following general and specific terms and conditions *as to* [the felony convictions]." (emphasis added).