**Ramon BUCIO–CARILLO, Petitioner–Appellant,**

v.

**Charles GILKEY, Warden, Respondent–Appellee.**

No. 05–56742.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Roger S. Hanson, Esq., Law Offices of Roger S. Hanson, Santa Ana, CA, for Petitioner–Appellant.

USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ramon Bucio–Carillo appeals from the district court's judgment dismissing his 28 U.S.C. § 2241 petition. Bucio–Carillo contends that his underlying state conviction was constitutionally flawed, and that the ensuing removal order, and his subsequent conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326,

ment, Bucio–Carillo's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

are therefore invalid. He further contends that the dismissal of his prior federal habeas petitions violated his due process rights.

With respect to the challenge to his underlying state conviction, Bucio–Carillo contends that the district court erred by dismissing the instant petition based on its finding that he was no longer "in custody." We disagree. It is a statutory jurisdictional prerequisite that habeas petitioners be in custody at the time of filing. *See* 28 U.S.C. § 2241(c)(3). Bucio–Carillo's state prison sentence expired in 2000, and he filed the instant petition in 2005. Accordingly, Bucio–Carillo was not "in custody" at the time of filing, and the district court was correct in finding that it lacked jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam). We reject Bucio–Carillo's contention that his deportation following his state conviction, as the basis for his illegal reentry conviction, renders him "in custody" for purposes of section 2241. *See id.*

To the extent Bucio–Carillo challenges the validity of his illegal reentry conviction, we conclude that such contentions were raised and rejected on direct appeal from that conviction, and cannot be used as the basis for a subsequent habeas petition. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir.2000).

**AFFIRMED.**