[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16831
Non-Argument Calendar

_____

D. C. Docket No. 07-22947-CV-ASG

LAVAN MAURICE WALKER,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,
Bill McCollum,
KATHERINE FERNANDEZ RUNDLE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Lavan Maurice Walker, a federal prisoner, appeals <u>pro se</u> the dismissal of his petition for writ of habeas corpus. 28 U.S.C. § 2254. For a district court to exercise subject-matter jurisdiction over a petition for a writ of habeas corpus, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." <u>Id.</u> §§ 2241(c)(3), 2254(a); <u>accord</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989). Jurisdiction does not extend to a petitioner who challenges a conviction after his sentence has completely expired. <u>White v. Butterworth</u>, 70 F.3d 573, 574 (11th Cir. 1995). The district court lacked jurisdiction to review Walker's petition because his sentences expired in 2002.

We **AFFIRM** the dismissal of Walker's petition.