**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARLOS M. MATA, SR.,

　　　　Petitioner-Appellant,

v.

JACKSON COUNTY THIRD
JUDICIAL DISTRICT COURT,

　　　　Respondent-Appellee.

No. 15-6050
(D.C. No. 5:15-CV-00134-W)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

After Carlos Mata pleaded no contest to assault with intent to commit a

felony, an Oklahoma state court sentenced him to two years in prison. Five years

later, after he finished his prison term, Mr. Mata filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254 challenging his conviction. A magistrate

judge recommended dismissing the petition, noting that while the federal habeas

---

[*] After examining Mr. Mata's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

statute affords it jurisdiction over persons in custody, an individual doesn't remain "in custody" when his sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Alternatively, the magistrate noted that Mr. Mata faced another problem: he failed to exhaust his state law remedies before bringing his federal habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Indeed, it appears Mr. Mata never pursued any direct appeal in state court and he doesn't assert that he's attempted to avail himself of state post-conviction procedures. *See* Okla. Stat. tit. 22, §§ 1080-1089. The district court adopted the magistrate's recommendation in full and dismissed the petition.

Seeking to appeal the district court's disposition, Mr. Mata applies to this court for a certificate of appealability. But where, as here, the district court has dismissed a habeas petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And that much we do not see. Rather than addressing how the district court erred in its dispositive rulings, Mr. Mata's submissions to us focus primarily on the relief he seeks and the merits of his argument for that relief. In those submissions we are unable to discern for ourselves a reasoned basis on which we might debate the district court's procedural rulings.

The application for a COA is denied and the appeal dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge