**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2143
_____

JOAN ORIE MELVIN
Appellant

v.

DISTRICT ATTORNEY ALLEGHENY COUNTY;
DIRECTOR ALLEGHENY COUNTY PROBATION SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cv-01225)
District Judge: Hon. Mark R. Hornak
_____

Argued June 5, 2019

Before: JORDAN, BIBAS, and MATEY, *Circuit Judges*.

(Filed: January 14, 2020)

Patrick A. Casey, Esq.
Suzanne P. Conaboy, Esq.
Donna A. Walsh, Esq. [ARGUED]
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, Pennsylvania 18503
        *Counsel for Appellant Joan Orie Melvin*

Stephen A. Zappala, Jr.
Ronald M. Wabby, Jr. Esq. [ARGUED]
Office of the District Attorney of Allegheny County
436 Grant Street
Pittsburg, Pennsylvania 15219

*Counsel for Appellees District Attorney Allegheny County and Director Allegheny County Probation Services*

_____

## OPINION[*]

_____

MATEY, *Circuit Judge*.

Former Pennsylvania Supreme Court Justice Joan Orie Melvin filed a federal habeas petition challenging her state court convictions for diversion of services, misapplication of government property, and conspiracy. She argues that each of these convictions violates due process because they were based on internal workplace guidelines. We disagree. And we lack jurisdiction to consider her challenge to count two for diversion of services as she is not in custody for that conviction. So we will affirm in part and vacate and remand in part with instructions to dismiss for lack of jurisdiction.

## I. BACKGROUND

Orie Melvin became a judge in 1990. She rose steadily through the judicial ranks, becoming a Superior Court judge in 1997 and winning a seat on the Pennsylvania Supreme Court in 2009. In 2013, she was convicted of misusing her official staff, office, and resources to promote her political campaigns. Her sisters, former Pennsylvania State Senator Jane C. Orie, and Janine Orie, who was also Orie Melvin's judicial aide, were convicted of similar crimes all resulting from the same scheme. Orie Melvin appealed her convictions and sentence in state court with minimal success. *See Commonwealth v.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*Melvin*, 103 A.3d 1 (Pa. Super. Ct. 2014). She then sought a writ of habeas corpus under 28 U.S.C. § 2254 before the District Court, which rejected her petition on the merits. We granted her a limited certificate of appealability. We have jurisdiction under 28 U.S.C. § 1291 and because of our grant of a certificate of appealability under 28 U.S.C. § 2253. On federal habeas review of Orie Melvin's state convictions, we defer to the Pennsylvania Superior Court and will uphold its decisions unless they are "contrary to, or involved an unreasonable application of, clearly established Federal law . . . ." 28 U.S.C. § 2254(d)(1). Because the District Court did not hold an evidentiary hearing, our review is plenary. *Abdul-Salaam v. Sec'y, Pa. Dep't of Corr.*, 895 F.3d 254, 265 (3d Cir. 2018).

## II. WE LACK JURISDICTION TO REVIEW NON-CUSTODIAL JUDGMENTS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court has jurisdiction to hear a habeas petition only if the petitioner is "in custody" under the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Custody is a "non-negligible restraint on . . . physical liberty" resulting from a conviction. *Piasecki v. Court of Common Pleas*, 917 F.3d 161, 166 (3d Cir. 2019) (internal quotation marks omitted). By contrast, Orie Melvin was determined guilty but sentenced "without further penalty" on count two of her diversion of services convictions. (App. at 176, 301.) She received no sentence of incarceration or confinement of any kind on that count and thus suffered no physical restraint. She argues that her sentence was consecutive. But we review each offense independently. *Maleng v. Cook*, 490 U.S. 488, 490–92 (1989). So a defendant convicted of multiple offenses can be in custody for one but not for another. If invalidating a conviction will not alter the restraint,

3

the habeas remedy is unavailable for that conviction. *See id.* at 492. Orie Melvin's sentence on count two did not alter the restraints imposed by her conviction, so we lack jurisdiction to consider her challenge on this point.[2]

### III. THE CONVICTIONS DID NOT VIOLATE DUE PROCESS

Orie Melvin argues that the Pennsylvania State Judiciary and, more narrowly, individual judicial chambers set the rules governing use of office space, staff, and resources. She notes that a violation of those rules is subject to penalties imposed by the judiciary. She thus contends that basing criminal liability on workplace rules invites arbitrary enforcement, in violation of her right to due process. We reach a different conclusion.

The Supreme Court has long observed the "basic principle that a criminal statute must give fair warning of the conduct that it makes a crime." *Bouie v. City of Columbia*, 378 U.S. 347, 350–51 (1964). A law "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926). To satisfy due process, "a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *Skilling v. United States*, 561 U.S. 358, 402–03 (2010) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). Failure by the legislature to provide "minimal guidelines" for a criminal

---

[2] In so concluding we adopt the reasoning found in our opinions involving Orie Melvin's sisters.

statute "may permit a standardless sweep that allows policemen, prosecutors, and juries to pursue their personal predilections." *Kolender*, 461 U.S. at 358 (internal quotation marks omitted).

Orie Melvin first argues that the Pennsylvania statutes under which she was convicted[3] do not purport to regulate political activity and do not give notice that violating a workplace rule may lead to a criminal offense. But the statutes make clear that the misuse of government property and diverting services belonging to another for one's own benefit is a crime. Conduct might, of course, violate both the norms specified in an employee handbook and the criminal law. Examples from theft, to harassment, to embezzlement spring quickly to mind. That workplace policies may cover such a topic doesn't mean that the employee didn't also violate the criminal law, and the Pennsylvania Superior Court has it right:

> While the Supreme Court has adopted a rule prohibiting political activity by court employees, Orie Melvin was not criminally prosecuted for using her judicial staff to advance her political aspirations. . . . Instead she was prosecuted for the use, or rather the misuse, of her judicial staff in violation of criminal statutes prohibiting the diversion of services belonging to the Commonwealth to her own personal benefit.

*Orie Melvin*, 103 A.3d at 15–16 (footnotes omitted).

Orie Melvin also argues the Commonwealth used the internal judicial guidelines to amend the vague standards for criminal liability. In particular, she reasons that the

---

[3]A jury found Orie Melvin guilty of three counts of diversion of services, in violation of 18 Pa. Cons. Stat. § 3926(b); one count of misapplication of entrusted property and property of government or financial institutions, in violation of 18 Pa. Cons. Stat. § 4113(a); and two counts of criminal conspiracy, in violation of 18 Pa. Cons. Stat. § 903(c).

prosecution only satisfied its burden by showing her awareness of the workplace rules. But again, she was prosecuted for misusing tax-dollars for private benefit, not for political activity. On this point, the Superior Court found that the trial judge gave clear instructions to the jury that they may not find guilt for a violation of the judiciary workplace rules. *See Orie Melvin*, 103 A.3d at 16 n.4. Moreover, in its briefing, the Commonwealth points to the "overwhelming evidence" against Orie Melvin proffered at trial. (Appellee Br. at 42.) This included evidence that she required judiciary employees—during the workday and using public resources—to write letters to Republican party officials, draft political speeches, fill out political questionnaires, prepare campaign fundraising and expense reports, and write thank you letters to campaign donors. One law clerk testified to personally taking campaign checks to the bank to deposit. And citing the trial court's findings, the Commonwealth also highlights that some employees testified to spending a considerable percentage of their workday devoted to political tasks, rather than performing the tasks related to the public jobs they held. So there was ample evidence supporting the private benefits Orie Melvin enjoyed.

Finally, Orie Melvin argues that Pennsylvania judges have plenary authority over the conduct of their employees. She notes that "at worst" violations of the workplace rules could lead to loss of employment. (Opening Br. at 26–27.) While improper conduct may cause termination of employment, the rules do not supersede or step in place of penalties proscribed under criminal statutes. And she did not have immunity from criminal prosecution because of her occupation as a judge.

In all, Orie Melvin's arguments do not satisfy her high habeas burden. The criminal statutes under which Orie Melvin was charged and convicted exist independent of any internal judiciary workplace rule. And her conviction arises from criminal statutes, not for violating the internal rules. We will thus vacate and remand count two of her diversion of services convictions with instructions to dismiss for lack of jurisdiction. We will otherwise affirm the District Court's denial of Orie Melvin's petition for writ of habeas corpus.