**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 28, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

MARTY ALLEN OWENS,

    Petitioner - Appellant,

v.

RICK WHITTEN,

    Respondent - Appellee.

No. 22-5106
(D.C. No. 4:22-CV-00192-GKF-CDL)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

This matter is before the court on Marty Allen Owens's pro se request for a

certificate of appealability ("COA"). Owens seeks a COA so he can appeal the district

court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas petition.[1] *See*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court concluded it lacked statutory jurisdiction over a narrow aspect of Owens's habeas petition because he was no longer "in custody" on that conviction: his challenge to the validity of his misdemeanor DUI conviction. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (holding that to proceed under § 2254 a state prisoner must be "in custody" under the conviction or sentence under attack when the petitioner files the habeas petition). Owens does not challenge this determination and this court does not address the matter.

28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order denying habeas corpus relief unless the petitioner first obtains a COA); *id.* § 2244(d) (setting out a one-year statute of limitations as to habeas corpus petitions). Because Owens has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In his § 2254 habeas petition, Owens seeks to challenge his decade-old Oklahoma state convictions for pointing a firearm, assault with intent to kill, and first-degree burglary. Relying on the Supreme Court's recent decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), Owens raises a variety of assertions as to the validity of his convictions. The district court dismissed Owens's petition as untimely, 28 U.S.C. § 2244(d)(1), concluding he was not entitled to either statutory or equitable tolling.

Owens seeks a COA so he can appeal the district court's dismissal of his § 2254 petition. To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). Owens has not made the requisite showing.

As this court's recent decisions make clear, *McGirt*'s focus on a question of federal-versus-state jurisdiction does not alter the conclusion that the one-year

2

limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(D)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions. *Warnick v. Harpe*, No. 22-5042, 2022 WL 16646708, at *2-3 (10th Cir. Nov. 3, 2022)[2]; *Pacheco v. El Habti*, 48 F.4th 1179, 1191 (10th Cir. 2022). Furthermore, it cannot be reasonably argued that the district court erred in concluding Owens is not entitled to statutory tolling pursuant to § 2244(d)(2). As the district court correctly noted, the limitations period ran unabated from October 14, 2014, until it expired one year later, on October 14, 2015. Finally, no reasonable jurist would conclude the district court acted outside the bounds of its substantial discretion in concluding Owens's lack of diligence foreclosed his claimed entitlement to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) (noting equitable tolling is available in rare circumstances, but concluding a petitioner must demonstrate reasonable diligence to be entitled to its benefits); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (holding that this court reviews a district court decision on equitable tolling for abuse of discretion).

Owens's request for a COA is **DENIED** and this appeal is **DISMISSED**.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2]This court recognizes that *Warnick* is unpublished and, thus, not binding precedent. Nevertheless, the analysis set out therein is completely persuasive and this panel adopts it in its entirety. *See* Tenth Cir. R. 32.1.