Kenneth CLEMONS, Petitioner–
Appellant,

v.

Jake MENDEZ, Respondent–Appellee.

No. 00–2275.

United States Court of Appeals,
Sixth Circuit.

June 7, 2001.

Before RALPH B. GUY, JR., BOGGS, and GILMAN, Circuit Judges.

### ORDER

Kenneth Clemons, a federal prisoner, moves for the appointment of counsel and appeals a district court order dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Clemons entered a guilty plea in 1977 in a Michigan state court to a charge of attempted breaking and entering. He was sentenced to forty to sixty months of imprisonment. In 1993, a federal jury convicted him of possession of a firearm by a felon, and he was sentenced under the Armed Career Criminal Act (ACCA) to fifteen years of imprisonment. His 1977 Michigan conviction was relied on as a basis for the application of the ACCA. Clemons pursued both a direct appeal and a motion to vacate his federal conviction unsuccessfully. He also filed a collateral attack on his state conviction, which was denied by the state trial court. His appeal from that decision was untimely.

Clemons then filed this action under 28 U.S.C. § 2254, naming the warden of the federal prison where he is incarcerated as the respondent, but attacking the validity of his state conviction. The district court dismissed the petition, noting that Clemons had not named a state official as respondent, he was not in custody under the state conviction, and the petition could not be construed as a § 2255 motion to vacate because Clemons had not filed a motion with this court to authorize a second § 2255 motion. On appeal, Clemons argues that the district court should have construed his petition as a § 2255 motion.

Initially, we note that the district court properly concluded that Clemons could not file a petition under 28 U.S.C. § 2254 to challenge his state conviction because he is not in custody pursuant to that conviction. Once a sentence has fully expired, collateral consequences are insufficient to render a prisoner in custody. *Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Moreover, it is also

noted that Clemons apparently procedurally defaulted his claims in the state courts by filing an untimely appeal of the denial of his post-conviction action. This would also preclude review of his claims under § 2254, because he has made no allegation of cause to excuse his default.

The Supreme Court has also recently held that a federal prisoner may not collaterally attack a prior conviction relied on in sentencing under the ACCA through a § 2255 motion. *See Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001). Therefore, the argument raised on appeal that this should have been construed as such a motion is without merit.

Therefore, we deny the motion for counsel and affirm the dismissal of this petition. Rule 34(j)(2)(C), Rules of the Sixth Circuit.