**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDREW S. MAVROVICH,

Petitioner - Appellant,

v.

STATE OF KANSAS; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

Respondents - Appellees.

No. 02-3323
D.C. No. 99-CV-3274-DES
(D. Kansas)

**ORDER AND JUDGMENT**

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On August 16, 1999, Petitioner *pro se* Andrew Mavrovich filed an application for a writ of habeas corpus in federal district court, under 28 U.S.C. § 2254. The district court considered the merits of Petitioner's claims in determining that he was not entitled to habeas relief. Petitioner now appeals the district court's dismissal of his application. We hold that Petitioner's application does not satisfy the jurisdictional requirements for § 2254 actions. We therefore vacate the district court's judgment and remand this case to the district court with instructions to dismiss the application for lack of jurisdiction.

Section 2254 grants federal court jurisdiction over an application for a writ of habeas corpus only when the applicant is "*in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3). "[W]hile the concept of 'in custody' does not require that the petitioner be physically confined and extends beyond incarceration to parole on an unexpired sentence, it does not extend to the 'situation where a habeas petitioner suffers no present restraint from a challenged conviction' at the time of the filing of the habeas petition." *Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996), *quoting Maleng v. Cook,* 490 U.S. 488, 491-92 (1989).

"[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review . . . ." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541

(1986) (internal quotation marks omitted). In an effort to determine whether the district court had jurisdiction over Petitioner's application, we entered an order on January 28, 2003, observing that Petitioner did not appear to have been "in custody on the conviction being challenged in this case when he filed his petition for habeas corpus under 28 U.S.C. § 2254 in the district court." We directed Petitioner to explain "whether he was incarcerated, on parole, on probation, or had his liberty restrained in any way by the state as a result of this conviction."

In response, Petitioner filed a document stating that he was on parole until November 11, 1998. Petitioner seems to assume that all he needs to establish is that he was "in custody" at the time he initiated challenges to his sentence in state court. For example, he points out that he filed a challenge in state court in March 1997. The relevant jurisdictional inquiry, however, is not whether Petitioner began proceedings in state court while his liberty was restrained. Rather, the question is whether he filed his *federal* habeas application while his liberty was restrained. Because Petitioner's parole ended in November 1998, he was not "in custody" when he filed his § 2254 application in August 1999.

We therefore vacate the district court's judgment and remand this case to the district court with instructions to dismiss the application for lack of jurisdiction.

Entered for the Court


Harris L Hartz
Circuit Judge