F I L E D
United States Court of Appeals
Tenth Circuit

MAY 16 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIE CRANDALL,

  Petitioner-Appellant,

v.

MICHAEL BOWERSOX; AL
LUEBBERS,

  Respondents-Appellees.

No. 04-3488
(D. Kan.)
(D.Ct. No. 04-CV-3370-SAC)

**ORDER**

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.


  Appellant Louie Crandall, a Missouri state inmate appearing *pro se*, appeals

the district court's decision dismissing his habeas corpus petition, filed pursuant

to 28 U.S.C. § 2254, concerning his Kansas conviction and sentence which has

been fully discharged.  We deny Mr. Crandall's request for a certificate of

appealability and dismiss his appeal.


  The procedural history surrounding Mr. Crandall's Kansas state conviction

and sentence and his prior federal habeas corpus petitions is more fully outlined

in the record and the federal district court's October 27, 2004 Order. In short, in 1993, Mr. Crandall received a fourteen-month sentence after pleading guilty in Kansas state court to a felony charge of obstructing legal process. Thereafter, he waived extradition to Missouri, where he was convicted and sentenced on other charges, and where he agreed to serve the remainder of his Kansas sentence.

Mr. Crandall twice filed federal petitions for habeas corpus relief from his Kansas conviction. Both times, the federal district court denied the petitions without prejudice for failure to exhaust his state post-conviction remedies, and we denied him a certificate of appealability. *See Crandall v. Bowersox*, 208 F.3d 225, 2000 WL 300209 at *1 (10th Cir. Mar. 23, 2000) (unpublished op.). On October 19, 2004, Mr. Crandall filed the instant habeas corpus petition, explaining he exhausted his state post-conviction remedies, and therefore could challenge his Kansas conviction on the various issues contained in his petition.

In an order dated October 27, 2004, the federal district court noted the Kansas district court entered a decision dismissing his state habeas petition for lack of jurisdiction, based on the fact Mr. Crandall's fourteen-month Kansas sentence expired in September 1995, which the Kansas Court of Appeals thereafter affirmed. *See Crandall v. State*, 91 P.3d 552, 2004 WL 1373300 (Kan.

Ct. App. June 11, 2004) (unpublished op.). After acknowledging Mr. Crandall sought to overturn his Kansas conviction because it was used to enhance his current Missouri sentence, the district court nevertheless dismissed his § 2254 petition, concluding it lacked jurisdiction, and citing, in support, *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*), for the proposition that federal habeas corpus relief can only be invoked when the prisoner is in custody at the time a petition is filed.

Following the district court's October 27, 2004 Order, Mr. Crandall filed a motion for rehearing and reconsideration, which the district court considered as a motion to alter and amend the judgment and denied in an order dated November 17, 2004. The district court granted Mr. Crandall's motion for leave to proceed *in forma pauperis* on appeal, but denied his application for a certificate of appealability. In appealing the district court's orders, Mr. Crandall claims the district court erred in determining it lacked jurisdiction to rule on his § 2254 habeas petition because his sentence was fully served. Even though his initial fourteen-month sentence has been served, he claims the state court should have voided that sentence and resentenced him.

Under § 2254, both this court and the district court may only "entertain an

-3-

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). As a result, like the district court, this court lacks jurisdiction over Mr. Crandall's habeas petition, as he was not in custody when his instant petition was filed. The fact Mr. Crandall is attempting to overturn his Kansas conviction because it was used to enhance his Missouri sentence does not change the result. We have held that "even if the fully-expired conviction, has, in fact been used to enhance a subsequent sentence, it may not be attacked directly in a habeas action. Rather the attack must be directed toward the enhanced sentence under which the defendant is in custody." *Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996) (relying on *Maleng,* 490 U.S. at 491-92).

Thus, for the foregoing reasons, we **DENY** Mr. Crandall's request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-4-