**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LISA JANE GRAHAM,

      Petitioner - Appellant,

v.

RICHARD KOERNER; PHILL KLINE,

      Respondents - Appellees.

No. 05-3158

(D. Kansas)

(D.C. No. 03-CV-3075-SAC)

**ORDER AND JUDGMENT***

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Lisa Jane Graham was sentenced by the State of Kansas to terms of imprisonment, probation, and supervised release in two separate cases. On February 10, 2003, she filed in the United States District Court for the District of Kansas an application for habeas relief under 28 U.S.C. § 2254(a) with respect to her first conviction. The district court dismissed her application on the ground that she was not in custody on the first conviction at the time she filed the application. She contends, however, that she had not yet fully served the sentence from her first conviction and therefore was in custody for purposes of

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254. We grant her application for a certificate of appealability (COA) on two of her constitutional claims, *see* 28 U.S.C. § 2253 (requiring a COA), after determining that she was in custody for the purposes of federal habeas relief when she filed her application in district court. We remand to the district court for further proceedings.

The "in custody" requirement in § 2241(c)(3), *see also* 28 U.S.C. § 2254(a) (relief can be granted only if applicant is "in custody . . . in violation of the Constitution or laws or treaties of the United States"), requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).

Ms. Graham's first sentence of six months' imprisonment, 24 months' probation, and 12 months' supervised release[1] was imposed on March 20, 2000. Ms. Graham was apparently confined from December 30, 1999, until April 3, 2000, when she was presumably released, beginning her period of probation. From the record it appears that she was taken back into custody on October 5, 2000, on the charge that led to her second conviction and sentence. She has remained in custody since that date.

The second sentence of 120 months' imprisonment was imposed March 6, 2001, and ran consecutively to the first. Ms. Graham's probation on the first sentence was

---

[1]The court initially imposed a 24-month period of supervised release, but the period was reduced by a retroactive statute shortly after imposition. *See* Kan. Stat. Ann. § 22-3717(d)(1)(C), (s), and (t).

revoked March 9, 2001, as a consequence of her conviction and sentencing in the second case.

On February 10, 2003, Ms. Graham filed her § 2254 application for relief in the United States District Court for the District of Kansas. She alleged the following constitutional errors: (1) that the prosecutor's statements to the jury during closing arguments denied her a fair trial; (2) that the state court failed to instruct the jury on a lesser included offense; and (3) that her trial counsel was ineffective for failing to impeach the state witnesses with evidence contrary to their testimony.

The district court noted that her application for post-conviction relief under Kan. Stat. Ann. § 60-1507 had been dismissed by a Kansas court on the ground that she was no longer in custody on her first conviction. The district court therefore ordered her to show cause why her § 2254 application should not be dismissed for want of jurisdiction. Ms. Graham responded that she was "still in custody [on her first sentence] of the Kansas Department of Corrections 24 months after her release." R. Doc. 8 at 1. She alleged that because the 24-month period of supervised release required by the first sentence had not lapsed before she was confined on the second sentence, she would be required to serve it once released from her second term of confinement.

On March 25, 2005, the district court found that Ms. Graham was not in custody as required by § 2254(a) and dismissed her application for relief. It also noted that even if

she was in custody, she had procedurally defaulted her claims in Kansas state court, thus barring federal review. The district court also denied her application for a COA.

In her application for a COA to this court, Ms. Graham argues that even though she had completed the six months' imprisonment, she was nonetheless in custody on her first sentence at the time she filed her § 2254 application because she had not fully completed her first sentence. She also requests that we "review her issues of errors of the trial court" alleged in her habeas application. App. for COA at 3.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the

decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits." *Id.*

The district court dismissed Ms. Graham's § 2254 application for lack of jurisdiction. That decision was erroneous. It is undisputed that when Ms. Graham filed her application, she was in custody, serving the second of two consecutive sentences. "[A] prisoner serving consecutive sentences is 'in custody' under any one of them for the purposes of the habeas statute." *Garlotte v. Fordice*, 515 U.S. 39, 45-46 (1995) (internal quotation marks omitted). In *Foster v. Booher*, 296 F.3d 947, 949-50 (10th Cir. 2002), we applied that rule even though the consecutive sentences were imposed by different courts for different offenses at different times. The decisive question is whether the prisoner "is currently serving a 'continuous stream' of . . . consecutive sentences." *Id.* at 949.

Before we can remand this case to the district court, however, we must determine whether Ms. Graham has satisfied the requirements for issuance of a COA. In particular, are her constitutional claims debatable, and are the claims procedurally barred by her failure to pursue them fully in state court? We must be mindful of the Supreme Court's admonition that while "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part," it is equally unnecessary for a prisoner to show "that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree,

after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338 (internal citations and quotation marks omitted).

Of Ms. Graham's three claims, one clearly has no merit. "Our precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). But, at this stage in the proceedings, jurists of reason would find it debatable whether Ms. Graham's other claims—that the prosecutor's statements to the jury during closing arguments denied her a fair trial and that her trial counsel was ineffective for failing to impeach the state witnesses with evidence contrary to their testimony—are valid. Because the district court did not address them and neither party briefed the merits, the record on appeal is simply too spare for us to conclude that these claims lack merit.

As for procedural bar, Ms. Graham's claims may well have been procedurally defaulted in Kansas state court, thus precluding review in federal proceedings. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (federal courts will not address claims procedurally defaulted in state court). But on the record before us we cannot say that her claims were not adequately presented to the state courts on direct appeal, that the ground for state procedural bar was adequate, *id.* at 730-32, or that she cannot show cause for any procedural lapse, *id.* at 749-51 (procedural bar may be overcome by showing cause and

prejudice).  The district court addressed procedural bar only in a brief footnote.  Hence, we cannot deny a COA because of a clear procedural bar.

We GRANT a COA on two of Ms. Graham's constitutional claims and REVERSE the district court's dismissal of the § 2254 application for lack of jurisdiction.  The case is REMANDED to the district court for further proceedings.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge