United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50303
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY ARREOLA RAMOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:95-CR-64
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jimmy Arreola Ramos, federal prisoner # 58020-080, pleaded
guilty and was convicted in 1996 of conspiracy to possess with
intent to distribute cocaine and possession with intent to
distribute cocaine. Ramos moves for in forma pauperis (IFP)
status to appeal the district court's denial of his petition for
writ of coram nobis challenging the referenced 1996 conviction.
See 28 U.S.C. § 1651. Ramos is presently incarcerated pursuant
to a sentence on a different, subsequent conviction. Upon
expiration of that sentence, he will begin serving the 12-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence imposed upon revocation of his supervised release on the 1996 conviction.

The district court certified that the appeal was not taken in good faith. By moving for leave to proceed IFP, Ramos is challenging the district court's certification decision. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). However, Ramos has not demonstrated any nonfrivolous ground for appeal.

A petitioner who is serving two consecutive sentences is "in custody" for purposes of challenging the second sentence via a habeas petition while he is serving the first sentence. See Peyton v. Rowe, 391 U.S. 54 (1968); Maleng v. Cook, 490 U.S. 488, 490-93 (1989); United States v. Shaid, 937 F.2d 228, 230 n.2 (5th Cir. 1991) (en banc). Thus, the district court did not err in concluding that Ramos's in-custody status made coram nobis unavailable to him. See United States v. Drobny, 955 F.2d 990, 996 (5th Cir. 1992).

Ramos has failed to establish that he seeks to present a nonfrivolous issue for appeal. Accordingly, his motion for IFP is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

MOTION FOR IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.