**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN BROWN,

      Petitioner - Appellant,

    v.

MIKE HEREDIA, Warden,

      Respondent - Appellee.

No. 08-2255
(D. New Mexico)
(D.C. No. 1:07-CV-00860-JCH-DJS)

---

**ORDER**

---

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

---

Proceeding *pro se*, Marvin Brown seeks a certificate of appealability

("COA") so he can appeal the district court's dismissal of the habeas petition he

filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). In his petition, filed on August 30, 2007, Brown

attacks the validity of a New Mexico sentence imposed on August 22, 1994, for a

parole violation. The matter was referred to a magistrate judge who ordered

Respondent to file an answer. Respondent filed both an answer and a motion to

dismiss Brown's petition, arguing it was untimely. *See* 28 U.S.C. § 2244(d)

(setting forth a one-year statute of limitations for § 2254 applications); *Hoggro v.*

*Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (holding prisoners whose state convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act have one year from April 24, 1996 to file a federal habeas petition). In the alternative, Respondent argued Brown could not satisfy the "in custody" requirement of § 2254(a) because his conviction and sentence was fully expired at the time he filed his petition. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (stating a § 2254 habeas petitioner whose sentence has expired is no longer "in custody" for that conviction, even if it was used to enhance his current sentence). The district court adopted the magistrate's recommendation that Brown's petition be dismissed as untimely.

After reviewing the record, including the attachments to the answer Respondent filed with the district court, we conclude we do not have jurisdiction to consider Brown's § 2254 application. Because the sentence he challenges has expired, Brown is no longer "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Maleng*, 490 U.S. at 492.

Accordingly, we **remand** to the district court with instructions to vacate its judgment and dismiss the matter for lack of jurisdiction.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-2-