FILED
United States Court of Appeals
Tenth Circuit

September 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGER SCOTT BRYNER,

        Petitioner-Appellant,

v.

JUDGE WILLIAM BARRETT; JUDGE
DENISE LINDBERG,

        Respondents-Appellees.

No. 10-4077
(D.C. No. 2:09-CV-00903-BSJ)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

    Roger Bryner seeks a Certificate of Appealability (COA) in order to appeal the

district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2254. In his petition, Bryner complained of the following contempt order issued in

Utah state court:

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that
petitioner, Roger Bryner, is held in contempt of this Court, and he is sentenced to
thirty (30) days in the Salt Lake County Adult Detention Center, with twenty-eight
(28) days suspended upon the condition that he conduct himself in a civil manner

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in compliance with the standards of professionalism and civility while representing himself pro se in this case or any case filed in this District. This includes conduct in court or out of court.

(App. at 19.) In his habeas petition, Bryner argued that this order was an unconstitutional prior restraint on speech. The district court dismissed Bryner's petition because he was not in custody as required by § 2254. Then Bryner filed a motion for a COA in the district court, which was also denied. Now Bryner seeks a COA from this Court. We DENY Bryner's motion for a COA and DISMISS this appeal.

Under 28 U.S.C. § 2253(c)(1)(A), Bryner may only obtain review of the district court's dismissal of his § 2254 petition if this Court elects to grant a COA. The Court will grant a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Bryner must make out such a showing by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After fully reviewing the record and Bryner's arguments, we hold that the district court correctly disposed of Bryner's claim in his petition. As the district court pointed out, § 2254 requires that the petitioner be "in custody" under the challenged conviction or sentence at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490–91 (1989). Bryner is not in custody pursuant to the judgment of the Utah state court within the meaning of 28 U.S.C. § 2254. In his application to this Court, other than making the same bare assertion that he is in custody that he made in the district court, Bryner points

2

to no evidence indicating that he is in custody within the meaning of this statute. He is not on probation, is not under supervision, and is not on parole. Thus, jurists of reason would not find Bryner's claim of the denial of a constitutional right debatable, and jurists of reason could not disagree over the correctness of the district court's dismissal of Bryner's § 2254 petition.

Therefore, we DENY Bryner's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

3