FILED

MAY 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK KEVEN MCKEEVER, | No. 09-55643 |
| Petitioner-Appellant, | D.C. No. 5:02-cv-01054-CJC-MAN |
| v. | |
| KATHY ALLISON, Warden, | |
| Respondent-Appellee. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 9, 2012
Pasadena, California

Before:     WARDLAW, Circuit Judge, BERZON, Circuit Judge, and WHYTE,[**] District Judge.

Petitioner Patrick Keven McKeever appeals the district court's denial of his

petition under 28 U.S.C. § 2254 after refusing to reinstate Ground Three.  The

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

issues presented are (1) whether the district court abused its discretion in denying petitioner's request to reinstate Ground Three and (2) whether, on the merits, Ground Three presents a basis for habeas relief.

A district court abuses its discretion when it makes an error of law. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Here, the district court first found that *Montana v. Egelhoff*, 518 U.S. 37, 56 (1996), foreclosed a claim based on the exclusion of a voluntary intoxication defense. We do not question that conclusion; however, we find that petitioner's original claim was broad enough to cover a challenge to the general intent instruction itself. *See Maleng v. Cook*, 490 U.S. 488, 493 (1989) (*pro se* pleadings must be construed with deference). By its own terms, Ground Three complained of the trial court's instruction that second degree murder with implied malice is a general intent crime, not of the specific instruction that voluntary intoxication does not reduce culpability. In the supporting facts, petitioner cited both CALJIC 3.30, the general intent instruction, and CALJIC 4.21.1, the voluntary intoxication instruction. Thus, simply applying *Egelhoff* did not resolve petitioner's request for reinstatement.

The district court also considered petitioner's citation to *Ho v. Carey*, 332 F.3d 587 (9th Cir. 2003), and essentially rendered a substantive decision that the

2

case does not govern petitioner's claim.  Thus, to evaluate whether the district court abused its discretion by incorrectly applying the law, we must resolve the merits of Ground Three under *Ho*.  In this respect, the two issues before us merge into a single inquiry.

We conclude that *Ho* governs this case, as that decision concerned a second degree murder charge with substantially the same instructions as were given here.  Specifically, the court in *Ho* confronted the situation in which a jury was first instructed that second degree implied malice murder requires general criminal intent and then instructed, correctly, that:

> In each of the crimes charged . . . there must exist a certain mental state in the mind of the perpetrator. Unless such mental state exists, the crime to which it relates is not committed.
>
> . . . .
>
> In the crime of murder in the second degree, the necessary mental state is malice.

*See* Appellant's RJN dated Mar. 14, 2012, Ex. A (Dkt. # 41-2) at 15-16; Appellant's RJN dated March 21, 2012, Ex. A (Dkt. # 42-2) at 44.  The elements of implied malice were also correctly listed for the jury.  Yet *Ho* held that the later, correct instructions did not cure what it considered to be a facially incorrect instruction on general intent.  *Ho*, 332 F.3d at 594-96.  Thus, we must similarly conclude that the general intent instruction given at petitioner's trial was

3

constitutional error. *Id.* at 592. Furthermore, we must find that the error was not harmless, as there was sufficient evidence to support petitioner's defense that he did not act with the requisite mental state, and *Ho* instructs that there is no way of determining whether the jury relied on the erroneous general intent instruction or on the correct definition of malice in convicting petitioner of second degree murder. *See id.* at 595-96.

Because *Ho* is controlling precedent, the district court abused its discretion in denying petitioner's request to reinstate Ground Three. In addition, under *Ho*, petitioner is entitled to habeas relief.

REVERSED.