**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES DERRICK KELLER,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

      Respondent - Appellee.

No. 12-7006

(E.D. Oklahoma)

(D.C. No. 6:11-CV-00209-JHP-KEW)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Petitioner Charles Keller appeals from the district court's order dismissing the underlying 28 U.S.C. § 2254 proceeding for lack of subject matter jurisdiction. Specifically, the court held that because Mr. Keller is not currently in custody pursuant to a state judgment, he cannot satisfy the "in custody" requirement of 28 U.S.C. § 2241(c)(3). We granted a certificate of appealability on the issue whether, as Mr. Keller maintains, he continues to be subject to Sequoyah County, Oklahoma conviction number CF-2001-89. Concluding he is not subject to that conviction, and therefore not in custody under the statute, we AFFIRM the district court's order.

Mr. Keller is currently serving a federal sentence arising from his conviction on a firearm charge in the United States District Court for the Southern District of Illinois. His sentence for that conviction was enhanced, however, in light of three state-court convictions from Oklahoma, including CF-2001-89. In his petition, Mr. Keller asserted issuance of a December 2, 2010 county court order involving CF-2001-89, as well as other state court convictions, violated his federal constitutional rights.

After the petition was filed, the respondent submitted a motion to dismiss, asserting Mr. Keller was not subject to a current state court judgment. The district court granted that motion, noting in particular the in custody requirement and concluding there was no jurisdiction to consider the claims. The court also acknowledged Mr. Keller had pending at that time a § 2255 action seeking to

challenge his sentence, including the enhancement, directly. *See Keller v. United States*, 657 F.3d 675 (7th Cir. 2011).

On appeal, Mr. Keller maintains the district court erred in concluding he failed to satisfy the in custody requirement. He asserts he continues to be subject to the sentence and judgment in CF-2001-89, and that the state court records on file support that assessment. Mr. Keller argues his sentence did not begin to run in that case, at least technically, until April of 2010 because it was set to run consecutive to another state conviction which expired in March of that year.

Upon a very careful review of the record materials, we agree with the district court. The state court materials provided in the respondent's supplemental record support this conclusion. Specifically, on March 6, 2002, the district court in Sequoyah County issued an order titled "Order Granting Modification of Sentence and Judicial Review." Via that order, the court modified the sentence in number CF-2001-89 to "time served with the remaining NINE (9) years suspended." *See* Appellee's Supp. Rec., Exhibit 3. That order negates petitioner's argument that he began serving that sentence in 2010.

Likewise, petitioner's Consolidated Record Card from the Oklahoma State Department of Corrections notes the modifications to Mr. Keller's sentences and confirms number CF-2001-89 expired in March of 2010. *See* Appellee's Supp. Rec., Exhibit 1. These records, in combination, make clear Mr. Keller cannot satisfy the in custody requirement. *See* 28 U.S.C. § 2241(c)(3); *see also Maleng v.*

*Cook*, 490 U.S. 488, 492 (1989)(holding petitioner cannot satisfy in custody requirement with fully expired sentence).

Accordingly, we AFFIRM the decision of the district court. We also grant petitioner's motion to proceed *in forma pauperis* and his motion to supplement the record on appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge