**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4757
_____

ISAAC K. FULLMAN,
                                        Appellant

v.

THOMAS KING KISTLER; KARLA MCCOOL; SGT. MATTHEW SHUPENKO;
JEFFREY HEFFRICH; JEFFREY T. HITE; MICHAEL WOODS; JOHN PENNYMAN;
M. GORDEN; JEANNA ANANEA; BRYAN CRAMER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-14-cv-01739)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2015

Before: FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: June 23, 2015)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Isaac Fullman appeals pro se from the District Court's December 3, 2014 order entered in Civil Action No. 4:14-cv-01739, which dismissed his complaint without prejudice to his ability to file a habeas petition under 28 U.S.C. § 2254.[1]  For the reasons that follow, we will affirm the District Court's order.

I.

In 2010, the Court of Common Pleas of Centre County, Pennsylvania, convicted Fullman of, inter alia, driving under the influence ("DUI") and driving while his license was suspended or revoked.  Fullman was sentenced to a prison term of ten days to two years for the DUI offense, with a concurrent 90-day prison term for driving while his license was suspended/revoked.  After the Pennsylvania Superior Court affirmed the judgment of sentence on direct appeal, Fullman filed a pro se petition in the trial court pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").  The trial court appointed counsel, who filed an amended petition on Fullman's behalf.  The trial court subsequently denied PCRA relief, the Superior Court affirmed that judgment, and the Pennsylvania Supreme Court denied review.

---

[1] On that same day, the District Court dismissed a complaint filed by Fullman in another case (Civil Action No. 4:14-cv-01740).  We address his appeal from that judgment in a separate opinion. See C.A. No. 14-4758.

2

Thereafter, Fullman filed a pro se civil complaint in the District Court, seeking to "appeal" from the state courts' rulings in his PCRA case, and asking the District Court to reverse his conviction. The complaint was referred to a United States Magistrate Judge, who screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). On September 9, 2014, the Magistrate Judge issued a report recommending that the District Court dismiss the complaint. The Magistrate Judge concluded that the Rooker-Feldman and res judicata doctrines combined to bar review of the complaint, that a § 2254 habeas petition was the proper vehicle for challenging Fullman's conviction, and that the dismissal of Fullman's complaint should be without prejudice to his ability to file such a petition.

Fullman filed objections to the Magistrate Judge's report on September 30, 2014. That same day, Fullman filed a pro se § 2254 habeas petition, which was assigned a separate District Court docket number (Civil Action No. 3:14-cv-01899). On October 16, 2014, District Judge James M. Munley dismissed that petition for lack of jurisdiction because Fullman was not "in custody" for habeas purposes when he filed it. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). Fullman did not appeal that dismissal.

On December 3, 2014, District Judge Matthew W. Brann adopted the Magistrate Judge's September 9, 2014 report and dismissed Fullman's complaint. It appears that Judge Brann may have been unaware of Fullman's habeas case, for Judge Brann's order (1) indicated that the complaint's dismissal was without prejudice to Fullman's filing a habeas petition, and (2) directed the District Court Clerk to mail Fullman two blank

copies of the court's standard habeas form.  On December 16, 2014, Fullman filed a notice of appeal challenging Judge Brann's decision.  That same day, Fullman filed another pro se § 2254 petition challenging his 2010 conviction; that petition was assigned Civil Action No. 3:14-cv-02380.  Judge Munley dismissed this second petition — for the same reason given in his earlier decision — and later denied Fullman's related motion to reconsider.  Fullman has not filed an appeal in that case.

Fullman's appeal from Judge Brann's order is now ripe for disposition.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Fullman's complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[2]  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Fullman's complaint is, at bottom, a collateral challenge to the legality of his conviction.  Indeed, in seeking to "appeal" from the rulings in his PCRA case, he attacks the method by which his blood alcohol content was measured, and asks that his conviction be reversed.  The District Court correctly concluded that a § 2254 habeas petition, not a civil complaint, was the proper vehicle for bringing such a challenge.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Although the District Court could have

---

[2] Although the District Court's dismissal was without prejudice, that order is nevertheless final and appealable because Fullman can do nothing to cure his complaint.  See Presbytery of N.J. of the Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461 n.6 (3d Cir. 1994).

liberally construed Fullman's complaint as a habeas petition, there was no need to do so. At the time the District Court adjudicated the complaint, Fullman had already filed a proper habeas petition and obtained a ruling from the court on that petition.[3] Accordingly, we agree with the District Court's decision to dismiss his complaint.[4]

In light of the above, we will affirm the District Court's December 3, 2014 order. Fullman's motion for appointment of counsel is denied.

---

[3] Fullman's complaint was filed just 22 days before his first habeas petition. Even if, for habeas purposes, Fullman had been given the benefit of that earlier filing date, it appears that the outcome of his habeas case would not have changed because there is no indication that he was still "in custody" at the time he filed his complaint. See Maleng, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for the conviction has *fully expired* at the time his petition is filed.").

[4] We need not consider the District Court's determination that dismissal was also warranted pursuant to the Rooker-Feldman and res judicata doctrines.