UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Duke St. Vaughn Keith Bromfield

v.                                          Case No. 16-cv-15-SM
                                            Opinion No. 2016 DNH 023
United States of America


**O R D E R**


Petitioner was convicted, consistently with his guilty pleas, of making false statements (18 U.S.C. § 1001) and false representation of a social security number (42 U.S.C. § 408(a)(7)).  He was sentenced to a year of probation on October 12, 2011.  He did not file a direct appeal.  Petitioner's sentence was fully served as of October 12, 2012.


More than three years later, he filed this petition seeking habeas relief under the provisions of 28 U.S.C. § 2255.  There are two obvious and fundamental problems with the petition. First, petitioner is not "in custody" for the purpose of establishing federal habeas jurisdiction, because the sentence imposed was fully expired when he filed the petition.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).  Second, the petition is untimely.  A one-year period of limitation applies to petitioners seeking relief under 28 U.S.C. § 2255, which

begins to run on the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f).  The judgment became final in petitioner's case in 2011, over four years before the petition was filed.

## CONCLUSION

Because petitioner is not in custody with regard to the conviction and sentence he seeks to challenge, the court is without jurisdiction over the petition, and, because even if jurisdiction could be established, the petition is untimely, the requested relief is denied and the petition is dismissed.

The court declines to issue a certificate of appealability. Rule 11, Rules Governing Section 2255 Proceedings.  Petitioner is free, however, to seek such a certificate from the United States Court of Appeals for the First Circuit.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 4, 2016

cc:  Brian R. Marsicovetere, Esq.
     Stephanie B. Hoffman, Esq.

2